**COMMONWEALTH OF VIRGINIA**
**STATE CORPORATION COMMISSION**

July 23, 2026

United States District Court for the Eastern District of Virginia
Alexandria Division
401 Courthouse Square
Alexandria, VA, 22314, United States

Re: Craftmark Homes, Inc.
    v. Georgetown Builders, Inc.

Case or Matter No.: 1:26-cv-02040-LMB-IDD

**CERTIFICATE OF COMPLIANCE**

I hereby certify that in Richmond, Virginia on July 23, 2026, the following process in the above-styled matter was served on me as statutory agent for Georgetown Builders, Inc. in accordance with § 12.1-19.1 of the Code of Virginia by UPS, and that on July 23, 2026, a copy of the Service of Process was sent by first-class United States mail to:

Georgetown Builders, Inc.
6333 Georgetown Pike
Mclean, VA, 22101, United States

A copy of the request of the person seeking service is also submitted herewith.

Dated: July 23, 2026

Sincerely,

Bernard J. Logan
Clerk of the Commission



**SOP-19.1**
**(04/23)**

# COMMONWEALTH OF VIRGINIA
## STATE CORPORATION COMMISSION

## SERVICE OF PROCESS, NOTICE, ORDER OR DEMAND
## ON THE CLERK OF THE STATE CORPORATION COMMISSION
## AS STATUTORY AGENT

1. Service on the Clerk of the State Corporation Commission relates to the following proceeding:

Style of Proceeding: __Craftmark Homes, Inc. v. Georgetown Builders, Inc.__

(e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

Proceeding Pending in: __United States District Court for the Eastern District of Vir__

(Jurisdiction)                                                                 (Name of Court or Tribunal)

Court's Case / Matter No.: __Civil Action No. 1:26-cv-2040__

Court's Address: __401 Courthouse Square, Alexandria, VA  22314__

(Mailing Address)

2. Service on the Clerk of the State Corporation Commission is being made pursuant to Virginia Code §§ 12.1-19.1 and **(mark the appropriate box):**     [See the Instructions for more information.]

| | | | |
|---|---|---|---|
| ☑ 13.1-637 B | ☐ 13.1-928 B | ☐ 38.2-801 | ☐ 50-73.58:1 C |
| ☐ 13.1-758 F | ☐ 13.1-929 E | ☐ 38.2-809 | ☐ 50-73.59 E |
| ☐ 13.1-766 B | ☐ 13.1-930 D | ☐ 38.2-1216 | ☐ 50-73.134 F |
| ☐ 13.1-767 D | ☐ 13.1-1018 B | ☐ 38.2-5103 | ☐ 50-73.135 G |
| ☐ 13.1-768 D | ☐ 13.1-1056 D | ☐ 50-73.7 B | ☐ 50-73.139 |
| ☐ 13.1-836 B | ☐ 13.1-1056.1 C | ☐ 50-73.58 D | ☐ 50-73.140 |
| ☐ 13.1-920 E | ☐ 13.1-1057 E | | |

☐ Other Virginia Code section or statutory authority (specify): _____

3. Pursuant to the foregoing legal authority, the Clerk of the Commission is being served as statutory agent of __Georgetown Builders, Inc.  (David Hurr, Registered Agent)__,

(name of defendant / business entity)

whose mailing address for this service of process is     [One address per form.  See Instructions.]

__6333 Georgetown Pike__

(number / street, P.O. Box, Rural Route, etc.)

__McLean, Virginia  22101__

(city or town)                                          (state)          (zip code)

4. The Clerk's Office should mail its receipt (or rejection letter) to:

Name: __Shulman Rogers, P.A.__

Attn: __Theresa Strausbaugh__

Address: __12505 Park Potomac Ave., 6th Fl., Potomac, MD  20854__

(number / street, P.O. Box, Rural Route, etc.)     (city or town)     (state)     (zip code)

Telephone No: __301-518-4130__     Email: __tstrausbaugh@shulmanrogers.com__

(optional)                                              (optional)

**THREE COPIES OF THIS FORM MUST BE SUBMITTED WITH TWO COPIES OF THE PAPERS TO BE SERVED**
**REVIEW THE INSTRUCTIONS BEFORE SUBMITTING THIS FORM**

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CRAFTMARK HOMES, INC.<br>1355 Beverly Road, Ste. 330<br>McLean, VA 22101,<br><br>   Plaintiff,<br><br>  v.<br><br>GEORGETOWN BUILDERS, INC.<br>6333 Georgetown Pike<br>McLean, VA 22101<br><br>SERVE: David Hurr, Resident Agent<br>    6333 Georgetown Pike<br>    Mclean, VA, 22101,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff CRAFTMARK HOMES, INC. (hereinafter "Craftmark" or "Plaintiff"), by and through its attorneys and pursuant to the Federal Rules of Civil Procedure, hereby files this Complaint against the Defendant, GEORGETOWN BUILDERS, INC. (hereinafter "Georgetown" or "Defendant") and alleges as follows:

### JURISDICTION

1. This is a civil action arising under §501(a) of the U.S. Copyright Act [17 U.S.C. §501(a)] for copyright infringement. Plaintiff seeks, *inter alia*, injunctive relief and money damages.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(a), which provides the district courts with original jurisdiction over any civil action arising under any Act of Congress relating to copyrights.

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*

4.    This Court has personal jurisdiction over Defendant Georgetown Builders, Inc. because the Defendant conducts substantial business within the Eastern District of Virginia.

5.    Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1400(a), which provides that civil actions arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or the defendant's agent resides or may be found.

3.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(a) as well as 28 U.S.C. § 1391(b) (1).

## PARTIES

4.    Craftmark is a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business at 1355 Beverly Road, Suite 330, McLean, Virginia 22101.

5.    Defendant Georgetown is, upon information and belief, a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business at 6333 Georgetown Pike, Mclean, Virginia 22101.

## FACTS

6.    Craftmark is a homebuilder operating in the Washington, D.C. metropolitan region.

7.    Craftmark's business includes the design, construction, and sale of residential homes.

8.     Craftmark designs its own homes, including the floorplans, elevations, and other architectural features associated with those homes.

9.     Craftmark's architectural plans consist of detailed drawings, specifications, and design elements that constitute an original work of authorship.

10.     In 2023, Craftmark created and developed a residential home design known as The Vienna (the "Craftmark Design").

11.     The Craftmark Design was fixed in tangible media of expression, specifically paper drawings, digital CAD files, and other physical media.

12.     A copy of the floorplans and elevations associated with the Craftmark Design is attached hereto as **Exhibit A**.

13.     The Craftmark Design constitutes an original architectural work protected under the Copyright Act, 17 U.S.C. § 101 *et seq.*

14.     Craftmark is the owner of all right, title, and interest in and to the Craftmark Design and the copyrights associated therewith.

15.     On June 1, 2026, the United States Copyright Office issued Registration No. VA 2-505-082 for the Craftmark Design.  A copy of such Copyright Registration is attached hereto as **Exhibit B**.

16.     Craftmark obtained registration of the Craftmark Design prior to filing this action.

17.     Prior to the acts complained of herein, Craftmark publicly marketed and offered homes utilizing the Craftmark Design throughout the Washington metropolitan area, including through its website, the multiple listing service, printed brochures, and sales offices.

18.     These marketing materials included depictions of the floorplans and elevations associated with the Craftmark Design.

19.    Georgetown, upon information and belief, is a residential homebuilder operating within the same geographic market area as Craftmark.

20.    Craftmark and Georgetown compete in the same geographic market for purchasers of newly constructed residential homes.

## DEFENDANT'S UNLAWFUL CONDUCT

20.    Upon information and belief, Georgetown had access to the Craftmark Design through its widespread public availability, including Craftmark's marketing materials, floorplans, model homes, completed residences, website, Multiple Listing Service listings, and other promotional materials.

21.    Upon information and belief, Georgetown copied substantial portions of the Craftmark Design in the development, marketing, construction, and sale of a home located at 3022 Castle Road, Falls Church, Virginia (the "Castle Home") without Craftmark's authorization or consent.

22.    The Castle Home incorporates numerous protected and original elements of the Craftmark Design and is substantially similar to the Craftmark Design in its overall form, arrangement, composition of spaces and elements, and total concept and feel.

23.    The numerous protected and original elements of the Craftmark Design that were copied by Georgetown include both the extrinsic and intrinsic elements of the Craftmark Design.

24.    Georgetown marketed the Castle Home through Compass Real Estate under Multiple Listing Service Listing No. VAFX2310718 (the "MLS Listing").

25.    The MLS Listing originally included floorplans and elevations depicting the Castle Home, attached hereto as **Exhibit C** (the "Georgetown Floorplans and Elevation").

26. The Georgetown Floorplans and Elevation are substantially similar to, and upon information and belief, were copied by Georgetown from the Craftmark Design.

27. After Compass Real Estate was notified that it was marketing a home utilizing unauthorized copies of Craftmark's protected designs, the Georgetown Floorplans and Elevation were removed from the MLS Listing.

28. The MLS Listing contains approximately ninety-five (95) photographs of the Castle Home.

29. These photographs further demonstrate that the Castle Home itself embodies protected, original elements of the Craftmark Design and was constructed utilizing unauthorized copies of Craftmark's protected work.

30. The overall form, arrangement, composition of spaces and extrinsic and intrinsic elements, and the total concept and feel of the Castle Home are substantially similar to those of the Craftmark Design.

31. The similarities of the extrinsic and intrinsic elements between the Craftmark Design and the Castle Home are so extensive that they cannot reasonably be attributed to coincidence, independent creation, industry custom, or functional necessity.

32. Craftmark first became aware of Georgetown's infringing activities on or about May 15, 2026.

33. Following its investigation, Craftmark determined that Georgetown had copied protected aspects of the Craftmark Design without authorization.

34. On or about May 29, 2026, Craftmark, through counsel, notified Georgetown of the infringement and demanded that Georgetown cease and desist its unlawful activities.

35.    In addition to sending correspondence directly to Georgetown at its registered agent's address on file with the Virginia State Corporation Commission, Craftmark, through counsel, provided copies of the correspondence to Compass Real Estate and John Marshall Bank, the lender identified in the land records as being associated with the Castle Home.

36.    Georgetown was provided an opportunity to resolve the matter prior to litigation.

37.    Despite receiving notice of Craftmark's copyrights and infringement allegations, Georgetown failed and refused to cease its infringing conduct or otherwise resolve the dispute.

38.    Upon information and belief, Georgetown has continued to market, offer for sale, construct, and/or profit from homes copied from the Craftmark Design.

39.    Georgetown's unauthorized copying was committed with knowledge of Craftmark's rights, or with reckless disregard for those rights.    As such, Georgetown's unauthorized copying and use of Craftmark Design's architectural plans was willful and intentional.

40.    Craftmark did not grant Georgetown any license, permission, or authority to copy, reproduce, distribute, publicly display, or prepare derivative works based upon Craftmark Design's architectural plans.

41.    Georgetown's actions constitute direct infringement of Craftmark's exclusive rights under the Copyright Act.

42.    As a direct and proximate result of Georgetown's copyright infringement, Craftmark has suffered and continues to suffer damages, including lost profits, diminution in the value of its intellectual property, and other damages recoverable under the Copyright Act.

## COUNT I
### (Copyright Infringement)

43.    Craftmark repeats and realleges the facts in the foregoing paragraphs as if fully set forth herein.

44.    Craftmark is the owner of a valid copyright in the architectural plans, which constitute an original work of authorship under 17 U.S.C. § 102(a).

45.    The architectural plans qualify as an "architectural work" as defined in 17 U.S.C. § 102(a)(8), which provides copyright protection for original works of authorship fixed in any tangible medium of expression, including architectural works.

46.    Craftmark complied with all statutory requirements for copyright protection, including fixation of the architectural plans in a tangible medium of expression.

47.    Craftmark registered the copyright in the architectural plans for the Craftmark Design with the United States Copyright Office prior to instituting this action, thereby satisfying the requirements of 17 U.S.C. § 411(a).

48.    Georgetown violated Craftmark's exclusive rights under 17 U.S.C. § 501(a) by copying, reproducing, distributing, publicly displaying, and/or preparing derivative works based upon Craftmark's copyrighted architectural plans for its Craftmark Design without authorization.

49.    Georgetown's unauthorized reproduction and use of the architectural plans constitutes infringement of Craftmark's exclusive rights to reproduce the copyrighted work, to prepare derivative works based upon the copyrighted work, to distribute copies of the copyrighted work, and to display the copyrighted work publicly.

50.    Georgetown had access to Craftmark's copyrighted architectural plans.

51.    Georgetown copied substantially similar elements of Craftmark's architectural plans that are original and protectable expression.

52. Georgetown copied both the extrinsic and intrinsic design elements of the Craftmark Design when it created the architectural plans for the Castle Home.

53. Georgetown's work is substantially similar to Craftmark's copyrighted architectural plans.

54. Georgetown's infringement was willful, intentional, and in reckless disregard of Craftmark's copyrights.

55. As a direct and proximate result of Georgetown's copyright infringement, Craftmark has suffered and continues to suffer actual damages in an amount to be determined at trial.

56. Craftmark is entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c) in an amount of up to $150,000 per work infringed.

57. Craftmark is further entitled to recover its costs and attorney's fees pursuant to 17 U.S.C. § 505.

WHEREFORE, Craftmark respectfully requests that this Court enter judgment in favor of Craftmark and against Georgetown on Count I as follows: (i) entering judgment against Georgetown for actual damages and any profits attributable to the infringement that are not taken into account in computing actual damages, as provided by 17 U.S.C. § 504(b); (ii) in the alternative, entering judgment for statutory damages for each work infringed in an amount to be determined at trial within the range provided by 17 U.S.C. § 504(c), including enhanced statutory damages if the Court finds that Defendant's infringement was willful; (iii) entering a judgment impounding and requiring the destruction or disposition of all infringing copies of Craftmark's copyrighted architectural plans and all materials used to create such infringing copies, pursuant to 17 U.S.C. § 503; (iv) awarding Craftmark the costs of this suit and reasonable attorney's fees as

provided by 17 U.S.C. § 505; (v) awarding Craftmark pre-judgment interest on all damages awarded as provided by law; (vi) awarding Craftmark post-judgment interest on all amounts awarded as provided by law; and (vii) awarding Craftmark such other and further relief as the Court deems just and proper.

## COUNT II
### (Preliminary And Permanent Injunctive Relief)

58.     Craftmark repeats and realleges the facts in the foregoing paragraphs as if fully set forth herein.

59.     As demonstrated by the foregoing, Georgetown's wrongful use of the Craftmark Design is clear and unjustified, and it is plain that Georgetown should be precluded from continuing to use the same. Given this, it is clear that Craftmark is likely to succeed on the merits of his claims.

60.     Indeed, Georgetown's wrongdoing outlined above evidences its complete disregard for Craftmark's rights with respect to the Craftmark Design. Given this, it is clear that unless enjoined from doing so, Georgetown will continue to use the Craftmark Design and otherwise act in derogation of Craftmark's rights before a final determination of this lawsuit. If Georgetown is allowed to continue to act in such a manner, Craftmark would have no adequate remedy at law to address those actions (indeed, each additional act of infringement compounds the injury and makes retrospective relief inadequate). Thus, the entry of injunctive relief is reasonable and necessary.

61.     The harm that Craftmark will suffer absent an injunction pending the outcome of this litigation has been and is immediate and irreparable. In using the Craftmark Design, Georgetown is not only taking customers away from Craftmark (who see the attractiveness and value of the Craftmark Design), but also is harming Craftmark's reputation by representing to the

public that the Craftmark Design is Georgetown's and not Craftmark's. Continued infringement will diminish the value and exclusivity of Craftmark's copyrighted architectural works, and Craftmark's reputation and professional standing in the architectural field will be damaged by unauthorized use and distribution of its creative works.

62.    Conversely, the comparative harm to Georgetown were injunctive relief to issue prohibiting it from using the Craftmark Design is minimal at best. Indeed, nothing would stop Georgetown from selling other homes were an injunction issued, it would simply prevent Georgetown from unlawfully selling homes using the Craftmark Design (including but not limited to the residence identified as the Castle Home).

63.    As well, the public interest would be served in issuing injunctive relief, as the public has an interest in ensuring that companies like Georgetown do not unlawfully use the copyrighted materials of others.

64.    For all these reasons, preliminary and permanent injunctive relief in Craftmark's favor is also justified, necessary and proper in this context.

WHEREFORE, Craftmark respectfully requests that this Court enter judgment in favor of Craftmark and against Georgetown on Count II as follows: (i) preliminarily and permanently enjoining Georgetown (a) from using, in whole or in part, the Craftmark Design, and specifically (b) from reproducing, distributing, publicly displaying, or preparing derivative works based upon the copyrighted architectural plans and designs, (c) from using, marketing, selling, or offering for sale any architectural designs, plans, structures, or buildings that incorporate, are based upon, or are substantially similar to Craftmark's copyrighted works, including but not limited to the offering for sale, selling, transferring, conveying, or like disposition of the residence identified as the Castle Home until such time as Georgetown has revised the structure to make it non-

-10-

infringing, and (d) from otherwise violating any of Plaintiff's exclusive rights under 17 U.S.C. §106; and (ii) awarding such other and further relief in Craftmark's favor as this Court deems just and proper.

Respectfully submitted,

___/s/  Sean P. Sherman_____
Sean P. Sherman (VA Bar No. 31949)
ssherman@shulmanrogers.com
William F. Gibson II (VA Bar No. 45397)
wgibson@shulmanrogers.com
SHULMAN ROGERS, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland, 20854
(301) 230-0540; (301) 230-2891 (fax)
*Counsel for Plaintiff*

# EXHIBIT A

**EXHIBIT A**

## DRAWING INDEX

## SPECIFICATIONS

CRAFTMARK HOMES @ 44' WIDE UNIT

SPECIFICATIONS AND INDEX

Case 1:26-cv-02040-LMB-IDD    Document 1-1    Filed 07/09/26    Page 3 of 16 PageID# 14







Case 1:26-cv-02040-LMB-IDD   Document 1-1   Filed 07/09/26   Page 6 of 10 PageID# 17

CRAFTMARK HOMES @ 44' WIDE UNIT

PART. FIRST FLOOR PLANS W/ ELEVS. 2, 3 & 4

PART. FIRST FLOOR PLAN W/ ELEVATION #4

PART. FIRST FLOOR PLAN W/ ELEVATION #2

PART. FIRST FLOOR PLAN W/ ELEVATION #3

STUDY / GUEST BEDRM.

2-CAR GARAGE

PORCH

PINNACLE DESIGN & CONSULTING INC.

CRAFTMARK HOMES @ 44' WIDE UNIT

SECOND FLOOR PLAN & PARTIALS

PARTIAL SECOND FLOOR PLAN
W/ OPT. EXTENDED PRIMARY BEDROOM

PRIMARY BEDROOM
(OPT. TRAY CLNG.)

SECOND FLOOR PLAN W/ ELEVATION #1

PRIMARY BEDROOM

PRIMARY BATH

BEDROOM 2

BEDROOM 3

BEDROOM 4

LOFT / ZOOM ROOM

W.I.C.

LNDRY

BATH

PART SECOND FLOOR PLAN
W/ OPTIONAL ELEVATOR

W.I.C.

ELEVATOR

SECOND FLOOR PLAN W/ ELEVATION #2

SECOND FLOOR PLAN W/ ELEVATION #3

SECOND FLOOR PLAN W/ ELEVATION #4

Case 1:26-cv-02040-LMB-IDD   Document 6   Filed 07/27/26   Page 21 of 35 PageID# 61



FRONT, SIDES & REAR ELEVATIONS W/ ELEV. #1

CRAFTMARK HOMES @ 44' WIDE UNIT

FRONT ELEVATION #2
SCALE: 1/8" = 1'-0"

LEFT-SIDE ELEVATION
SCALE: 1/8" = 1'-0"

RIGHT-SIDE ELEVATION
SCALE: 1/8" = 1'-0"

REAR ELEVATION
SCALE: 1/8" = 1'-0"



CRAFTMARK HOMES — 44' WIDE UNIT

FRONT, SIDES & REAR ELEVATIONS W/ ELEV. #4

FRONT ELEVATION #4

REAR ELEVATION

RIGHT-SIDE ELEVATION

LEFT-SIDE ELEVATION

Case 1:26-cv-02040-LMB-IDD Document 1-1 Filed 07/09/26 Page 13 of 18 PageID#

PINNACLE DESIGN & CONSULTING
RIGHT SIDE & REAR ELEVATIONS W/ OPT. EXTENSION
CRAFTMARK HOMES 24'/44' WIDE UNIT
A-05
REAR ELEVATION
RIGHT-SIDE ELEVATION

PINNACLE DESIGN & CONSULTING INC

CRAFTMARK HOMES 44' WIDE UNIT

SHEET TITLE: BUILDING SECTION @ STAIR

TABLE N1102.4.1.1 (R402.4.1.1)
AIR BARRIER & INSULATION INSTALLATION

BEDROOM #2

LOFT / BONUS RM.

PANTRY

WORKING KITCHEN

MUD ROOM

MECHANICAL

A / A-00 — BUILDING SECTION @ STAIR

B  BUILDING SECTION @ GARAGE

UNINHABITABLE ATTIC

OWNER'S BATH

BEDROOM 2 — W.I.C. — BATH — BEDROOM 3

PANTRY

EAT-IN KITCHEN — KITCHEN

2-CAR GARAGE

DEN / GUEST BEDRM.

BATH — MECH.

RIDGE VENT

LEAVE OPEN FOR VENTILATION

GIRDER TRUSS

R-49 BATT OR BLOWN INSULATION @ ATTIC

BRICK VENEER

2-CAR GARAGE

SLOPE GARAGE SLAB 4" TOWARD DOOR

GRADE BEAMS (SEE STRUCTURE DETAILS)

4" DRAIN TILE W/ CONT. FILTER MEMBRANE, TYP.

CONTINUOUS KEYED CONC. FTG. TYP.

NOTE:
SEE SHEET 6.01 FOR AIR BARRIER & INSULATION INSTALLATION TABLE R 402.4.11

BUILDING SECTION @ GARAGE

CRAFTMARK HOMES 97  44' WIDE UNIT

PINNACLE DESIGN & CONSULTING INC.

6.01

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

**Registration Number**

**VA 2-505-082**

**Effective Date of Registration:**
May 19, 2026
**Registration Decision Date:**
June 01, 2026

## Title

| | |
|---|---|
| **Title of Work:** | Craftmark Homes - The Vienna |
| **Previous or Alternate Title:** | Craftmark Homes @ 44' Wide Unit. |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2023 |
| **Date of 1st Publication:** | October 01, 2023 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Pinnacle Design & Consulting, Inc. |
| **Author Created:** | architectural work |
| **Work made for hire:** | Yes |
| **Domiciled in:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Craftmark Homes Inc. |
| | 1355 Beverly Road, #330, McLean, VA, 22101, United States |
| **Transfer statement:** | By written agreement |

## Certification

| | |
|---|---|
| **Name:** | Nora Whitescarver |
| **Date:** | May 19, 2026 |
| **Applicant's Tracking Number:** | 114537.00038 |

| | |
|---|---|
| **Correspondence:** | Yes |

Page 1 of 1

# EXHIBIT C



# ELEVATION C

## ELEVATION C

CASTLE MODEL

GEORGETOWN BUILDERS INC.

JS 44 (Rev. 04/21) Case 1:26-cv-02040-LMB-IDD     Document 1-4     Filed 07/09/26     Page 1 of 2 PageID# 32

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Craftmark Homes, Inc.

**(b)** County of Residence of First Listed Plaintiff **Fairfax**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sean P. Sherman and William F. Gibson II; Shulman Rogers, P.A., 12505 Park Potomac Ave., 6th Fl., Potomac. MD 20854; (301) 230-5200.

## DEFENDANTS

Georgetown Builders, Inc.

County of Residence of First Listed Defendant **Fairfax**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☒ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 862 Black Lung (923) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* |
| ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | | | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
17 U.S.C. 501(a)

Brief description of cause:
Copyright infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$330,000

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sean P. Sherman (VA Bar No. 31949)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.