**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CRAFTMARK HOMES, INC.<br><br>v.<br><br>GEORGETOWN BUILDERS, INC. | Case No. 1:26-cv-02040-LMB-IDD |

**JOINT PROPOSED DISCOVERY PLAN**

Plaintiff Craftmark Homes, Inc. ("Craftmark") and Defendant Georgetown Builders, Inc. ("Georgetown") (together, the "Parties"), by counsel, submit this Joint Proposed Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(A), and the Court's Order of October 15, 2026 (Dkt. No. 16). Counsel for the Parties conferred by telephone on October 19, 2026. Sean P. Sherman and William F. Gibson II participated for Craftmark, and Eric J. Menhart participated for Georgetown. Where the Parties have not reached agreement, each Party's position is stated separately.

**1. Nature of the Case**

**(a) Craftmark's Statement.** Craftmark alleges that Georgetown infringed Craftmark's copyright in an architectural work registered as U.S. Copyright Registration No. VA 2-505-082 (the "Craftmark Design") through the design, construction, and marketing of a single-family home at 3022 Castle Road, Falls Church, Virginia (the "Castle Home"), and alleges that Georgetown has continued to market homes based on the Craftmark Design. Craftmark asserts one count of copyright infringement under 17 U.S.C. § 501 and seeks actual damages and profits under 17 U.S.C. § 504(b), impoundment under 17 U.S.C. § 503, injunctive relief, and interest. (Dkt. No. 11.)

**(b) Georgetown's Statement.** Georgetown denies infringement. Georgetown contends, among other things, that (i) Craftmark cannot establish ownership of the asserted work, which its own registration and plans attribute to a third party designer; (ii) the similarities on which Craftmark relies consist of standard features, common arrangements of spaces, and elements dictated by function, code, and lot constraints, which are not protectable, and the Castle Home is not substantially similar to any protectable expression in the Craftmark Design; (iii) Craftmark registered its work on May 19, 2026, more than two and one half years after first publication and after the alleged infringement commenced, so that 17 U.S.C. § 412 bars any award of statutory damages or attorney's fees, neither of which the Amended Complaint seeks; (iv) 17 U.S.C. § 120 permits pictorial representations of the Castle Home and its alteration; and (v) any recovery is limited to actual damages or profits attributable to protectable expression, after deduction of Georgetown's costs and the elements of profit attributable to factors other than the work. The Castle Home has not been sold, and no other home has been built. Georgetown's defenses are set out in its Answer. (Dkt. No. 15.)

**2. Procedural Posture**

Craftmark filed its Complaint on July 9, 2026 (Dkt. No. 1). Georgetown moved to dismiss in part (Dkt. No. 9). Craftmark filed its Amended Complaint on October 2, 2026 (Dkt. No. 11), and the Court denied Georgetown's motion without prejudice as moot (Dkt. No. 14). Georgetown answered the Amended Complaint on October 14, 2026 (Dkt. No. 15). No counterclaims, crossclaims, or third-party claims are pending. The Court entered its Scheduling Order on October 15, 2026 (Dkt. No. 16), and discovery is open.

**3. Settlement**

The Parties discussed settlement before and during the conference and will continue those discussions. Georgetown requests that the Court refer this matter to Magistrate Judge Davis for a settlement conference to be held in December 2026, after the exchange of initial disclosures and the production described in Section 5.

**4. Magistrate Judge Jurisdiction**

The Parties do not unanimously consent to the exercise of jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c).

**5. Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

The Parties propose no change to the form or requirement of disclosures under Rule 26(a)(1). The Parties will exchange initial disclosures on or before November 2, 2026, and each Party will produce the documents described under Rule 26(a)(1)(A)(ii) and (iv) with its disclosures or within seven (7) days thereafter.

Georgetown further proposes that Craftmark's production under this Section include (a) every written instrument on which Craftmark relies to establish its ownership of the copyright in the Craftmark Design, including any agreement with the designer identified on the plans; (b) the application, deposit copy, and correspondence with the Copyright Office for Registration No. VA 2-505-082; and (c) each license of the Craftmark Design, or of any other Craftmark plan, on which Craftmark relies to measure its damages. Georgetown contends that these documents bear directly on standing and the measure of recovery and are necessary for a productive settlement conference.

**6. Subjects, Timing, and Phasing of Discovery (Fed. R. Civ. P. 26(f)(3)(B))**

**(a) Completion.** All discovery, including expert discovery, shall be completed by Friday, February 12, 2027, as ordered by the Court (Dkt. No. 16).

**(b) Subjects.** The Parties anticipate discovery on the following subjects: the creation, authorship, ownership, registration, publication, marketing, and licensing of the Craftmark Design; the creation, authorship, ownership, publication, design, construction, and marketing of the Castle Home; access and alleged copying; the protectable and unprotectable elements of the Craftmark Design; Craftmark's claimed actual damages; Georgetown's revenues, deductible costs, and the apportionment of any profits; Craftmark's request for injunctive relief; and the Parties' claims and defenses as pleaded.

**(c) Homes Other Than the Castle Home.** Georgetown's position is that no home other than the Castle Home has been built or sold, and Georgetown has realized no revenue from any other home. Discovery from Georgetown concerning homes or lots other than the Castle Home should therefore be limited to the plans and marketing materials for those homes, which bear on Craftmark's request for injunctive relief, and should not extend to financial information for those homes absent a showing of need. Craftmark contends that if the plans and marketing for those other homes reveals use of the Craftmark Design, financial information will be relevant and should be produced.

**(d) Phasing.** The Parties do not propose phased discovery. Fact and expert discovery will proceed on the schedule below.

**(e) Non-Party Discovery.** The Parties anticipate subpoenas to non-parties, which may include design professionals, real estate brokers, multiple listing services, and lenders. The Parties will comply with the notice requirement of Rule 45(a)(4), and each Party will provide the other with copies of all documents received in response to a subpoena within seven (7) days after receipt.

**7. Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

**(a) Preservation.** Each Party has taken reasonable steps to preserve documents and electronically stored information ("ESI") relevant to the claims and defenses, including design files, plans, marketing materials, and communications. No Party is required to preserve or search backup media, or ESI that is not reasonably accessible, absent a showing of good cause.

**(b) Date Range and Custodians.** Unless otherwise agreed, searches for responsive ESI will cover January 1, 2023, to the present, except that documents concerning the creation, authorship, ownership, and transfer of the Craftmark Design will be produced without date limitation. The Parties will identify their custodians and any proposed search terms within fourteen (14) days after the exchange of initial disclosures and will confer in good faith on any disagreement.

**(c) Form of Production.** Architectural and design files, including CAD, DWG, RVT, and similar files, will be produced in native format with system metadata intact, together with any associated plan sets in PDF. Spreadsheets, audio, and video files will be produced in native format. Email and other documents (such as, by way of example, Word documents) will be produced either in native format or as text searchable PDF or single page TIFF images with associated attachment(s). Text messages will be produced in a format that shows the date, time, sender, and recipient of each message. Exact duplicates may be removed across custodians. Documents existing in hard (paper) form may be produced either in hard (paper) form or in PDF format. All productions will be Bates numbered, and native files will be produced with a Bates numbered slip sheet. On reasonable request, a Party will provide available metadata for specific documents.

**8. Privilege and Protection of Trial Preparation Materials (Fed. R. Civ. P. 26(f)(3)(D))**

**(a) Rule 502(d) Order.** The Parties will submit, with the proposed protective order described in Section 9, a proposed order under Federal Rule of Evidence 502(d) providing that the production of privileged or protected material, whether inadvertent or otherwise, does not waive privilege or protection in this or any other proceeding. On notice of such a production, the receiving Party will return, sequester, or destroy the material within five (5) business days.

**(b) Privilege Logs.** A Party withholding documents on the basis of privilege or work product will serve a privilege log complying with Rule 26(b)(5)(A) within twenty-one (21) days after the production from which the documents were withheld. No Party is required to log communications with its litigation counsel of record, or work product of such counsel, created on or after July 9, 2026.

**9. Protective Order (Fed. R. Civ. P. 26(f)(3)(F))**

The Parties will submit a stipulated protective order by November 2, 2026, providing for two tiers of designation, “Confidential” and “Highly Confidential, Attorneys’ Eyes Only,” the latter for nonpublic financial, cost, pricing, profit, and license information. Pending entry of that order, material designated under either tier will be treated as Attorneys’ Eyes Only. The Parties acknowledge that a confidentiality designation does not by itself justify filing under seal, and that any request to seal will be made in compliance with Local Civil Rule 5. When a Party moves to seal material because another Party designated it, the designating Party will file the response required by Local Civil Rule 5(C).

**10. Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))**

**(a) Interrogatories.** Each Party may serve no more than thirty (30) interrogatories, including parts and subparts, on any other Party without leave of Court (Dkt. No. 16).

**(b) Requests for Admission and Production.** Each Party may serve no more than forty (40) requests for admission on any other Party, excluding requests directed solely to the authenticity of documents. The Parties propose no numerical limit on requests for production.

**(c) Depositions.** Each Party may take no more than five (5) non-party, non-expert depositions without leave of Court (Dkt. No. 16). Depositions of Parties are governed by Rule 30(a)(2)(A)(i). A deposition of a Party under Rule 30(b)(6) counts as a single deposition regardless of the number of designees, and is limited to seven (7) hours in total. Each other deposition is limited to one day of seven (7) hours under Rule 30(d)(1).

**(d) Location and Notice.** The depositions of the parties will take place within the geographic area covered by the Alexandria Division. Any deposition may be taken by remote means under Rule 30(b)(4) by agreement, which no Party will unreasonably withhold. Eleven (11) days' notice is reasonable notice under Local Civil Rule 30(H).

**(e) Objections and Responses.** Objections to written discovery are due within fifteen (15) days after service under Local Civil Rule 26(C), and responses are due within thirty (30) days after service under Rules 33, 34, and 36.

**(f) Extensions by Agreement.** In light of Local Civil Rule 37(F), the Parties request leave to extend, by written agreement of counsel, the time to respond to any written discovery request by up to fourteen (14) days, provided that no such extension alters any date set by the Court.

**11. Service**

The Parties have consented in writing under Rule 5(b)(2)(E) to service by email on counsel of record of discovery and of other papers not served through the Court's electronic filing system. A Party serving written discovery will also provide the requests to the responding Party in Microsoft Word or plain text format.

**12. Expert Disclosures (Fed. R. Civ. P. 26(a)(2); Local Civil Rule 26(D))**

Because the schedule under Local Civil Rule 26(D)(2) and (3) would extend expert discovery beyond the February 12, 2027 close of discovery and the February 18, 2027 final pretrial conference, the Parties request entry of a consent order under Local Civil Rule 26(D)(1) adopting the following schedule:

| | |
|---|---|
| Craftmark's Rule 26(a)(2) disclosures: | December 14, 2026 |
| Georgetown's Rule 26(a)(2) disclosures: | January 13, 2027 |
| Craftmark's rebuttal disclosures, limited to evidence intended solely to contradict or rebut Georgetown's disclosures: | January 25, 2027 |
| Completion of all expert discovery: | February 12, 2027 |

Under Local Civil Rule 26(D)(4), a Party asserting a counterclaim, crossclaim, or third party claim is treated as a plaintiff as to that claim. Rule 26(b)(4)(B) and (C) govern draft reports and communications between counsel and experts.

**13. Amendment of Pleadings and Joinder of Parties**

Georgetown proposes that any motion for leave to amend the pleadings or to join additional parties be filed by December 4, 2026. This deadline does not limit Georgetown's right to file a third-party complaint without leave within the time permitted by Rule 14(a)(1). Craftmark

proposes that any motion for leave to amend the pleadings or to join additional parties be filed by January 4, 2027.

**14. Trial**

As of the date of this Plan, no Party has demanded a jury. The Parties estimate that trial will require two (2) to three (3) days.

**15. Final Pretrial Conference**

The final pretrial conference is set for Thursday, February 18, 2027, at 10:00 a.m. The Parties will file their Rule 26(a)(3) disclosures, exhibit lists, witness lists, and written stipulation of uncontested facts on or before that date, as required by the Court's Order (Dkt. No. 16).

**16. Other Matters**

The Parties are not aware of any other matter requiring the Court's attention at this time.

Dated: October 21, 2026

* * *

Respectfully submitted,

CRAFTMARK HOMES, INC.
By Counsel

/s/ Sean P. Sherman
Sean P. Sherman (VA Bar No. 31949)
ssherman@shulmanrogers.com
William F. Gibson II (VA Bar No. 45397)
wgibson@shulmanrogers.com
SHULMAN ROGERS, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
(301) 230-0540; (301) 230-2891 (fax)

*Counsel for Plaintiff Craftmark Homes, Inc.*

GEORGETOWN BUILDERS, INC.
By Counsel

/s/ Eric J. Menhart
Eric J. Menhart, Esq. (VA Bar #93901)
Lexero Law
80 M St SE Ste 100
Washington, D.C. 20003
Phone: 855-453-9376
Fax: 855-453-9376
Email: Eric.Menhart@Lexero.com

*Counsel for Defendant Georgetown Builders, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, a copy of the foregoing was filed via the Court's electronic filing system and all parties of record were served via that system.

/s/ Eric J. Menhart
Eric J. Menhart